IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**GEORGE H. BOWMAN**                                           Civil Case No. 10-1160-KI
**LORIE A. BOWMAN**,

              Plaintiffs,                                           OPINION AND ORDER

     vs.

**RECONSTRUCT COMPANY, N.A.,**
**BAC HOME LOANS SERVICING, L.P.,**
**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC., HOMESTREET BANK**,

             Defendants.


     George H. Bowman
     Lorie A. Bowman
     11487 S. E. 45th Avenue
     Milwaukie, Oregon  97222

         Pro Plaintiffs


Page 1 - OPINION AND ORDER

Stephen P. McCarthy
Pilar C. French
Lane Powell P.C.
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158

      Attorneys for Defendants

KING, Judge:

Plaintiffs George H. Bowman and Lorie A. Bowman filed a Request for a Temporary Restraining Order, Pending a Hearing for a Permanent Injunction (#13) seeking to stop "this unlawful sale . . . [from] mov[ing] forth to completion[.]"  Mot. at 3.  For the following reasons, and for the reasons stated on the record at the October 14, 2010 hearing, the Court grants plaintiffs' motion.

## BACKGROUND

Plaintiffs bring suit against ReconTrust Company, NA ("ReconTrust"), BAC Home Loan Servicing, LP ("BAC"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Homestreet Bank, seeking to vacate the trustee's sale of their home that took place in July 2010.

The Court held a hearing on October 14, 2010 to hear arguments on plaintiffs' motion for a temporary restraining order.  Defendants ReconTrust, BAC, and MERS appeared at the hearing.

## LEGAL STANDARDS

The standard for obtaining a temporary restraining order is generally the same as the standard for obtaining a preliminary injunction.  The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

Page 2 - OPINION AND ORDER

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

## DISCUSSION

Plaintiffs clarified their request at the hearing. Although no attempts have been made to evict plaintiffs, plaintiffs seek to enjoin the filing of any proceeding for Forcible Entry and Detainer ("FED") until the Court issues a decision on the merits of their dispute.

For the reasons stated on the record, plaintiffs are likely to succeed on the merits. They are also likely to experience irreparable harm if they are evicted from their home. Accordingly, the Court enjoins the filing of any FED proceeding.

The Court notes, however, that the Federal National Mortgage Association ("FNMA") is the purported titleholder following the foreclosure sale on July 21, 2010. Plaintiffs are permitted to file an Amended Complaint and to seek a TRO enjoining FNMA from attempting to evict plaintiffs.

Finally, the Court defers ruling on a security requirement. Once the Court knows which entity is entitled to payment on the underlying debt, the Court will order plaintiffs to make monthly payments to be credited against the debt owed.

The Court has scheduled a preliminary injunction hearing for October 28, 2010 at 1:00 pm. Plaintiffs should be prepared to provide the Court with an explanation of their financial circumstances, including monthly income and expenses, so that the Court can fix an appropriate monthly payment.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Request for a Temporary Restraining Order,

Pending a Hearing for a Permanent Injunction (#13) is granted.

IT IS SO ORDERED.

Dated this _____15th_____ day of October, 2010.


___/s/ Garr M. King_____
Garr M. King
United States District Judge