IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**GEORGE H. BOWMAN**                                             Civil Case No. 10-1160-KI
**LORIE A. BOWMAN**,

                    Plaintiffs,                                 OPINION AND ORDER

            vs.

**RECONSTRUCT COMPANY, N.A.,**
**BAC HOME LOANS SERVICING, L.P.,**
**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC., HOMESTREET BANK**,
**FEDERAL NATIONAL MORTGAGE ASSOCIATION**,

                    Defendants.


            George H. Bowman
            Lorie A. Bowman
            11487 S. E. 45th Avenue
            Milwaukie, Oregon  97222

                    Pro Se Plaintiffs


Page 1 - OPINION AND ORDER

Stephen P. McCarthy
Pilar C. French
Lane Powell P.C.
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158

      Attorneys for Defendants ReconTrust Company, NA;
      BAC Home Loans Servicing, LP; and Mortgage
      Electronic Registration Systems, Inc.

KING, Judge:

Plaintiffs George H. Bowman and Lorie A. Bowman filed a Request for a Temporary Restraining Order ("TRO"), Pending a Hearing for a Permanent[1] Injunction (#25) seeking to stop "the purported illegal completion of the sale of Plaintiff's residence."  Mot. at 1.  For the following reasons, and for the reasons stated on the record at the October 14 and October 28, 2010 hearings, I grant plaintiffs' motion as to defendant Federal National Mortgage Association ("FNMA") only.  I enjoin FNMA from proceeding with the Forcible Entry and Detainer ("FED") in Clackamas County Circuit Court, Case No. FE101695, to evict plaintiffs from their residence of 11487 SE 45th Ave., Milwaukie, Oregon.  The TRO shall remain in effect until at least November 12 at 1:00 pm, at which time I have set a preliminary injunction hearing.

The TRO I entered on October 14, 2010, and contained in the written Opinion and Order of October 15, 2010, is dissolved.

## BACKGROUND

Plaintiffs bring suit against ReconTrust Company, NA ("ReconTrust"), BAC Home Loan Servicing, LP ("BAC"), Mortgage Electronic Registration Systems Inc. ("MERS"), and

---

[1]The Court infers plaintiffs mean a "preliminary injunction."

Homestreet Bank seeking to vacate the trustee's sale of their home that took place in July 2010.

The Court held a hearing on October 14, 2010 and learned that plaintiffs sought to enjoin the filing of any proceeding for FED until the Court issued a decision on the merits of their dispute. At that point, no FED proceeding had been filed. The Court granted the TRO, but noted FNMA is the purported titleholder following the foreclosure sale on July 21, 2010. The Court permitted plaintiffs to file an Amended Complaint and to seek a TRO enjoining FNMA from attempting to evict plaintiffs.

On October 18, 2010, plaintiffs amended their Complaint to add FNMA as a defendant. On or before October 21, 2010, FNMA filed an FED in Clackamas County Circuit Court, Case No. FE101695. The next day, plaintiffs filed this second request for a TRO.

## LEGAL STANDARDS

The standard for obtaining a temporary restraining order is generally the same as the standard for obtaining a preliminary injunction. The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

## DISCUSSION

For the reasons stated on the record, particularly with respect to MERS' involvement in transferring the Deed of Trust without having authority to transfer the Note, I find plaintiffs are likely to succeed on the merits. Plaintiffs are also likely to experience irreparable harm if they are evicted from their home. Accordingly, I enjoin FNMA from proceeding with the FED in

Page 3 - OPINION AND ORDER

Clackamas County Circuit Court, Case No. FE101695, to evict plaintiffs from their residence of

11487 SE 45th Ave., Milwaukie, Oregon.  The TRO shall remain in effect until at least November

12 at 1:00 pm, at which time I have set a preliminary injunction hearing.

Pursuant to Federal Rule of Civil Procedure 65(c), I have considered the issue of security.

I order plaintiffs to pay $1,000 a month until the TRO (or preliminary injunction, if one is issued)

is dissolved.  The total amount plaintiffs pay during this time is to be credited against any amount

they are deemed to owe.  Once FNMA appears in the case, and I confirm that it is the entity

entitled to payment on the underlying debt, plaintiffs' monthly payments must commence.

## CONCLUSION

For the foregoing reasons, plaintiffs' Request for a Temporary Restraining Order,

Pending a Hearing for a Permanent Injunction (#25) is granted.  I enjoin FNMA from proceeding

with the FED in Clackamas County Circuit Court, Case No. FE101695, to evict plaintiffs from

their residence of 11487 SE 45th Ave., Milwaukie, Oregon.  The TRO shall remain in effect until

at least November 12 at 1:00 pm, at which time I have set a preliminary injunction hearing.

The TRO I entered on October 14, 2010, and contained in the written Opinion and Order

of October 15, 2010, is dissolved.


Dated this _____28th_____ day of October, 2010.


_/s/ Garr M. King_____
Garr M. King
United States District Judge


Page 4 - OPINION AND ORDER